O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV10-00143-AHM<br>Bk. Case No. 6:09-bk-20206 MJ | Date | December 3, 2010 |
|----------|---------|------|------------------|
| Title | In re LANDMARK FENCE CO., INC. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)


## I.     INTRODUCTION

        This case is on appeal from an Order of the Bankruptcy Court approving a stipulation between Landmark Fence Co., Inc. ("Landmark" or "Debtor") and the Official Committee of Unsecured Creditors for the Debtor ("Committee") authorizing the Committee to pursue alter ego and avoidance actions on behalf of all of the unsecured creditors.[1]  Excerpts of Record ("ER") 5-8.  The reasoning behind that Order appears in the Bankruptcy Court's Memorandum of Decision on Motion to Authorize Creditors' Committee to Pursue Alter Ego and Avoidance Actions.  ER 9-15.  The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this court without oral argument. See Bankruptcy Rule 8012; Fed. R. App. P. 34(a)(2)(C).

        Appellants James Sahagun and Gerardo Garcia argue that the Bankruptcy Court erred in ruling that the alter ego claim against the principal of Landmark, Robert Yanik, was a general claim based upon damage to the corporation as a whole—rather than an

---

        [1]Also pending in the matter is a motion by Appellants to strike Appellees' objections to Appellants' Statement of Issues on Appeal.  The Court DENIES that motion, Docket No. 8, since Appellants cite no authority prohibiting Appellees from objecting to the statement of issues.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV10-00143-AHM<br>Bk. Case No. 6:09-bk-20206 MJ | Date | December 3, 2010 |
|----------|------|------|------|
| Title | In re LANDMARK FENCE CO., INC. | | |

individualized claim held by them alone—and that, therefore, the Committee is the proper party to pursue the alter ego claim. For the following reasons, the Court AFFIRMS the decision of the Bankruptcy Court to authorize the Committee to pursue the alter ego claims against Yanik on behalf of all of the unsecured creditors.

## II.   SUMMARY OF THE FACTUAL RECORD

Appellants are former employees of Landmark, who had filed a class action against Landmark in state court, seeking at least $8,000,000 in damages for underpaid wages based upon violations of California's overtime, travel pay, and prevailing wage laws. *See* ER 407:10-16; ER 372-398 (First Amended Complaint ("FAC") in *James Sahagun, et al. v. Landmark Fence Co., Inc., et al.*, San Bernardino Superior Court Case No. RCV072083). The FAC contains alter ego allegations against Yanik, in an attempt to hold him personally liable for the unpaid wages. *See* ER 374-376 (¶¶ 10-15). The case was certified as a class action in 2007 and the two Appellants were named as class representatives. ER 403:3-6. On April 15, 2009, Landmark and Yanik lost a motion for summary adjudication seeking to invalidate the alter ego claim. ER 48:14-20. As part of their Opposition to the summary adjudication motion, Appellants clarified the facts supporting their alter ego allegations. *See* ER 333-342. On May 14, 2009—four days before trial of the state class action—Landmark filed a Petition for bankruptcy under Chapter 11. ER 48:24-25.

Because Yanik had not filed for bankruptcy, no automatic stay applied as to him. Nonetheless, on May 15, 2009, Landmark and Yanik filed a Notice of Stay with the state court, and the state court stayed the action, even against Yanik. ER 48:25-49:7. On September 9, 2009, Appellants filed a motion for relief from the automatic stay, arguing that the alter ego claims were "particularized" as to them. The Bankruptcy Court held a hearing on October 7, 2009. ER 49:7-14, 49:17-50:2; 218-268 (Transcript of October 7, 2009 hearing). In denying the motion for relief from the stay, the court tentatively commented that the alter ego claims appeared to be general and so only the corporation or its assignee would have standing to pursue them, but continued the hearing on that issue to allow for additional briefing. ER 10:4-16.

On October 12, 2009, Landmark and the Committee entered into a stipulation

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV10-00143-AHM<br>Bk. Case No. 6:09-bk-20206 MJ | Date | December 3, 2010 |
|----------|----------------------------------------------------|------|------------------|
| Title | In re LANDMARK FENCE CO., INC. | | |

authorizing the Committee to investigate, prosecute, and settle on behalf of the estate any alter ego and avoidance actions against Yanik.  ER 208:9-10; 211-214.  On October 23, 2009, Landmark filed its motion to approve the stipulation.  ER 196-217.  After receiving briefing on the alter ego issue, the Bankruptcy Court held a hearing on the motion on November 18, 2009.  ER 143-158 (November 18, 2009 Hearing Transcript); .  The Bankruptcy Court invited additional briefing, ER 19-142, after which the court granted Landmark's motion.  ER 9-15 (January 13, 2010 memorandum of decision); 5-8 (January 20, 2010 order granting motion).  The court ruled that the alter ego claim against Yanik is general and belongs to the corporation as a whole, rather than individual creditors.  ER 12:23-13:3.

On January 25, 2010, Appellants timely their Notice of Appeal, seeking review of the Bankruptcy Court's January 20, 2010 Order.  ER 1-4.

## III.   STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*.  *In re Anastas*, 94 F.3d 1280, 1283 (9th Cir. 1996).  Appellees insist that the Bankruptcy Court's determination that the alter ego claim belongs to the estate is a factual finding.  Appellee's Brief at 7-8.  However, issues of whether a bankruptcy estate's representative has standing to assert particular claims on behalf of the estate are reviewed *de novo*.  *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1001 (9th Cir. 2005).  Therefore, review is *de novo*.

## IV.   ANALYSIS

The issue on appeal is whether the Bankruptcy Court erred in ruling that Appellants' alter ego claim in their state suit is a general, rather than a particularized, claim and that it therefore belongs to the bankruptcy estate rather than to Appellants.[2]

---

[2]Appellants list four issues for review, but these issues all boil down to the main issue described above.  *See* Opening Brief at 2.  In particular, issues three and four—whether the court erred in failing to rule that Appellants have exclusive standing over a personal alter ego claim, and whether the court erred in ruling that the alter ego

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV10-00143-AHM<br>Bk. Case No. 6:09-bk-20206 MJ | Date | December 3, 2010 |
| --- | --- | --- | --- |
| Title | In re LANDMARK FENCE CO., INC. | | |

Under bankruptcy law, the bankruptcy estate includes, with limited exceptions not applicable here, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This includes causes of action belonging to the debtor at the time the case is commenced. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983); 5 Alan N. Resnick, *et al.*, *Collier on Bankruptcy* ¶ 541.07 (15th ed. rev. 2009). In turn, "the question of whether the alter ego claim against [the principal of a company] is property of the . . . estate or belongs to an individual creditor, for the purpose of determining standing to assert the claim, depends upon [whether] state law permits an attempt to pierce the corporate veil." *CBS, Inc. v. Folks (In re Folks)*, 211 B.R. 378, 384 (B.A.P. 9th Cir.). Because Landmark is located and incorporated in California, California law applies.

> If Ninth Circuit and California law permit a debtor to assert an alter ego claim to pierce its own corporate veil, that claim becomes property of the estate; and if alter ego claims constitute property of the bankruptcy estate, then they cannot belong to any individual creditor, and thus may not be asserted by individual creditors.

*In re Folks*, 211 B.R. at 385 (quoting *In re Davey Roofing, Inc.*, 167 B.R. 604, 606 (Bankr. C.D. Cal. 1994)).

There are two essential elements of an *alter ego* claim under California law: (1) a finding that there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and (2) that the failure to disregard the

---

claims were general—are two halves of the same inquiry. Issue two—whether the court erred in finding that a cause of action for unpaid wages could not give rise to an alter ego remedy—rests on a false premise, since the Bankruptcy Court did not find this. Issue one—whether the court erred in failing to rule that Appellants' FAC stated an alter ego claim for unpaid wages against Yanik—is irrelevant, since, as described below, the key inquiry in determining whether an alter ego claim belongs to the bankruptcy estate is whether it is general or particularized—not whether a creditor's complaint states an alter ego claim.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV10-00143-AHM<br>Bk. Case No. 6:09-bk-20206 MJ | Date | December 3, 2010 |
|---|---|---|---|
| Title | In re LANDMARK FENCE CO., INC. | | |

corporation would result in fraud or injustice. *See Doe v. Unocal*, 248 F.3d 915, 926 (9th Cir. 2001); *Watson v. Commonwealth Insurance Co.*, 8 Cal. 2d 61, 68 (1936). California recognizes two types of alter ego claims—generalized alter ego claims and particularized alter ego claims. *In re Folks*, 211 B.R. at 385. "The first alleges 'injury to the corporation giving rise to a right of action in it against defendants and [the second involves] causes of action [that] belong to each creditor individually.'" *Id.* (some internal quotations omitted) (quoting *In re Davey Roofing*, 167 B.R. at 608 and *Stodd v. Goldberger*, 73 Cal. App. 3d 827, 833 (Ct. App. 1977)). "A general claim is property of the debtor corporation and becomes property of the bankruptcy estate." *Ginger Root Office Associates, LLC v. Farmer (In re Advanced Packaging and Products Company)*, 426 B.R. 806, 819 (C.D. Cal. 2010) (Morrow, J.) (quoting *In re Folks*, 211 B.R. at 387). "A particularized claim belongs to an individual creditor and does not become property of the estate." *Id.*

"To determine whether the action is personalized to an individual creditor or accrues generally to [the estate], the court must look to the alter ego claim and the injury for which relief is sought." *In re Folks*, 211 B.R. at 387. "A particularized, i.e., personal, claim exists where 'the claimant himself is harmed and no other claimant or creditor has an interest in the cause.'" *In re Advanced Packaging and Products Co.*, 426 B.R. at 819 (quoting *In re Folks*, 211 B.R. at 387 and *Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339, 1348-49 (7th Cir. 1987)). "A general claim, by contrast, exists where 'the liability is to all creditors of the corporation without regard to the personal dealings between such officers and such creditors.'" *Id.* "If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action." *In re Folks*, 211 B.R. at 387 (quoting *Kalb, Voorhis & Co. v. American Financial Corp.*, 8 F.3d 130, 132 (2d Cir. 1993)).

In this case, Appellants rely primarily on allegations and evidence of general harm to the corporation to support their alter ego claim. In particular, the alter ego allegations with respect to Yanik in the FAC are as follows:

- Yanik (and unnamed Does) are the sole shareholders of Landmark, as well

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV10-00143-AHM<br>Bk. Case No. 6:09-bk-20206 MJ | Date | December 3, 2010 |
|---|---|---|---|
| Title | In re LANDMARK FENCE CO., INC. | | |

as the only Directors, Chief Executive Officers, Secretaries and Chief Financial Officers of the corporation.  ER 374 at ¶¶ 6-7

- Yanik (and unnamed Does) exercised financial and operational control of Landmark, formulated policies concerning its employment practices, and had ultimate authority and made final decisions regarding the employees. ER 374 at ¶ 9.

- Yanik (and unnamed Does) used Landmark's assets for their own personal uses, intermingled Landmark's assets with their personal and other business interests, caused Landmark's assets to be transferred to them or others without adequate consideration, and withdrew funds from Landmark's accounts for their own personal use.  ER 374 at ¶ 10.

- Yanik (and unnamed Does) controlled, managed and manipulated the affairs of Landmark for their own financial advantage to the detriment of Appellants and other employees.  Yanik wilfully, fraudulently, and regularly violated particular laws, regulations, and orders governing wages, hours, and working conditions.  ER 375 at ¶ 11.

- Based upon Yanik's dealings, there existed a unity of interest and ownership such that the individuality or separateness between Landmark and himself did not exists.  ER 375 at ¶ 12.

- Under the circumstances, recognition of Landmark as a separate entity distinct from Yanik would permit the corporate form to be used to promote fraud and injustice and to avoid personal liability for violation of wage laws.  ER 375-376 at ¶¶ 13-14.

In their Opposition to Landmark and Yanik's motion for summary adjudication in state court, Appellants further clarified the evidence they would rely upon to prove their alter ego claim.  In particular, Appellants presented evidence of

- Yanik leasing his own property to Landmark at rates that exceeded market

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV10-00143-AHM<br>Bk. Case No. 6:09-bk-20206 MJ | Date | December 3, 2010 |
|----------|-----------------------------------------------------|------|------------------|
| Title | In re LANDMARK FENCE CO., INC. | | |

value.  ER 325.

- Yanik hiring and then overpaying his live-in girlfriend—later his wife—and Yanik and the girlfriend using business property for personal purposes.  ER 326-27.

- Landmark converting certain employees into independent contractors and selling them company trucks in an attempt to divert assets away from the corporation.  ER 327-28.

- Landmark and Yanik conducting non-arms-length business dealings with entities owned by Yanik, his girlfriend, and certain favored managers.  ER 328-29.

- Yanik instructed his assistant to falsify Certified Payroll Reports and signed falsified reports, in addition to instituting policies that resulted in underpaying employees.  ER 324.

The vast majority of this evidence relates to activities that affect all creditors equally.  Only the evidence with respect to the falsification of the payroll reports and the policies of underpayment relate directly to Appellants' injury.

In the only case cited by Appellants in which individual creditors were allowed to proceed on an alter ego theory against the debtor's principal despite a bankruptcy filing—*Variable Parameter*—the court focused on the "gist" of the creditor's claim against the principal in order to determine whether the claim was general or particularized.  *Variable-Parameter Fixture Devel. v. Morpheus*, 945 F. Supp. 603, 607 (S.D.N.Y. 1996).  In particular, the court noted that, although the complaint alleged that the principal siphoned assets from the company, thereby damaging the company, the "gist" of the alter ego against the principal was that he directly and actively participated in willful infringement of a patent and should be personally liable for the damages arising from his tortious conduct.  *Id.*  Here, the "gist" of the alter ego claim is a general alter ego claim based upon injuries inflicted on the corporation as a whole.  As such, Appellant's alter ego claim is a

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV10-00143-AHM<br>Bk. Case No. 6:09-bk-20206 MJ | Date | December 3, 2010 |
|----------|------------------------------|------|------------------|
| Title | In re LANDMARK FENCE CO., INC. | | |

general alter ego claim and belongs to the estate rather than to Appellants.

## V.      CONCLUSION

For the foregoing reasons, the Court AFFIRMS the decision of the Bankruptcy Court to authorize the Committee to pursue the alter ego claims against Yanik on behalf of all of the unsecured creditors.

**JS-6**

|  | : |
|--|---|
| Initials of Preparer | SMO |

cc: **Bankruptcy Court**